The application for a preliminary injunction is denied.

Further proceedings in this action are stayed, except for essential interim orders, pending: (1) filing of a properly issued certificate of irreconcilable dispute and (2) completion of properly conducted land title registration proceedings.

It is so ordered.

**LAVASI'I TAUOA, Plaintiff**

**v.**

**EKI TINO and MULIAGA TINO, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 22-93

July 6, 1993

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Afoa L. Su'esu'e Lutu
Defendants, Pro Se

Opinion and Order for Summary Judgment:

This action was brought by plaintiff Lavasi'i Tauoa ("Lavasi'i") to evict defendants Eki Tino ("Eki") and Muliaga Tino ("Muliaga") from

a portion of land called "Ogevai" in Tafuna, American Samoa. Eki and Muliaga were personally served with the summons and complaint on March 29, 1993, and when they failed to file an answer to the complaint or otherwise appear in the action by April 23, 1993, Lavasi'i employed the procedures for a judgment by default under T.C.R.C.P. Rule 55.

Lavasi'i's motion to enter a judgment by default came regularly for hearings on May 20, June 1, and June 30, 1993. Lavasi'i appeared in person and by counsel at each hearing. Muliaga was also present at each hearing.

On May 20, 1993, the hearing was continued at Lavasi'i's request to afford the parties further opportunity to mutually resolve this matter. On June 1, 1993, Lavasi'i offered a negotiated stipulation under which Muliaga, his wife Eki, and any other persons living with them would have six months to vacate the land at issue. However, when Muliaga indicated disagreement with, or at least reservations about, the offered stipulation, the hearing was again continued until June 30, 1993, and Muliaga was instructed to file an answer by that date if he intended to defend against the complaint.

Muliaga brought an unsigned, four-page, typed statement to the hearing on June 30, 1993. In view of his continuing presence at the scheduled hearings, and despite its formal deficiencies, we are treating this statement as an answer. In addition, Lavasi'i testified and identified two documents: (1) an agreement, dated May 29, 1989, and signed by Lavasi'i, Eki and Muliaga; and (2) a letter, dated February 19, 1993, signed by Lavasi'i, and delivered to Muliaga. These documents were admitted into evidence. Hence, we consider Lavasi'i's motion to be for summary judgment under T.C.R.C.P. Rule 56.

The land at issue is Lavasi'i's individually owned land. The agreement of May 29, 1989, created a license, revocable at will by Lavasi'i, allowing Eki and Muliaga to occupy that land at issue solely for residential purposes. The letter of February 19, 1993, revoked the license. Muliaga's statement failed to raise any factual issue that might negate the legal effect of either the license agreement or revocation letter.

Since there is no genuine issue as to any material fact, Lavasi'i is entitled as a matter of law to a summary judgment of eviction of Eki and Muliaga from the land at issue, subject to their right to reenter solely to remove their personal property and any improvements they have made to the licensed land, within 60 days of this judgment.

Judgment shall enter accordingly.  It is so ordered.